**718 AUDITOR GENERAL vs. CIRCUIT JUDGE (Iron), No. 15232.**

To compel respondent to vacate an order in certain proceedings instituted by the auditor-general, for the sale of certain lands for delinquent taxes, setting aside assessment against certain descriptions for State, county and township taxes.

Denied December 4, 1895.

Relator alleges that the Clerk of the Board of Supervisors, in entering the proceedings of the board, rel..ive to the equalization of taxes by the board, inadvertently omitted to enter upon the record the schedule of additions and deductions made by the board, but, upon the hearing below, relator offered to show that the board had actually made such additions and deductions, and offered to place the table or schedule thereof in evidence; that such schedule had been inadvertently omitted from the record by the clerk, and that the assessment was made upon the basis of equalization in accordance with such schedule, but the court refused to admit such proofs.

The answer denies that any such offer was made and avers that the said taxes are void for other reasons, viz: (1) that in one township the tax roll was placed in the hands of the treasurer before the taxes were extended in the assessment roll; that then, instead of extending the taxes in the original roll, a copy of the original roll was made in the latter part of December, and the taxes extended therein, and hence that the roll in the hands of the supervisor is not the original assessment roll with the original certificates, but is a copy made after the tax roll had left the hands of the supervisor; Sec. 34, Act. No. 206, Laws 1893; Seymour vs. Peters, 67 M., 415; Fowler vs. Campbell, 100 M., 398; (2) that in another township the warrant of the supervisor attached to the tax roll was not signed by the supervisor, nor by anybody, Tweed vs. Metcalf, 4 M., 579; First Natl. Bank vs. St. Joseph, 46 M., 526; Dickison vs. Reynolds, 48 M., 158; (3) that in two other townships the alleged delinquent returns were made upon separate and distinct loose sheets of paper, written upon both sides, which were not and could not be fastened together so as to be read and understood, and that the statutory affidavits and certificates were attached to one sheet only, Tweed vs. Metcalf, supra; Upton vs. Kennedy, 36 M., 216; Seymour vs. Peters, 67 M., 415; (4) that in another township a comparison of the assessment and tax rolls showed many changes in the assessment roll after it had left the hands of the board of review; that in a number of instances taxable property had been erased or taken off the roll by the supervisor; that in another instance the valuation had been reduced; that in from fifty to one hundred instances the tax roll was not a copy of the assessment roll, but differed in amount and in description; Weston vs. Monroe, 84 M., 341; Ferton vs. Feller, 33 M., 199; Clark vs. Axford, 5 M., 182.

Respondent insisted that the provisions of the statute requiring the determination of the board to be entered of record, are mandatory; Moser vs. White, 29 M., 59; Taymouth vs. Taylor, 35 M., 21; Stevenson vs. Bay City, 26 M., 83; Thompson vs. School District, 25 M., 483; Auditor General vs. Roberts, 83 M., 471; Williams vs. Mears, 61 M., 68; Yelverton vs. Steele, 36 M., 62.